# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ASCENZI, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-08-1418 |
| v. : | |
| : | (Judge Caputo) |
| JOE NISH, : | |
| : | |
| Respondent : | |

## MEMORANDUM

**Background**

Michael J. Ascenzi filed this pro se habeas corpus Petition pursuant to 28 U.S.C. § 2254 while confined at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart).[1] Named as Respondent is SCI-Waymart Superintendent Joe Nish. Service of the Petition was previously ordered. By Order dated June 7, 2010, Petitioner's action was reassigned to the undersigned.[2] See doc. 31.

Ascenzi was arrested on charges of possession of a controlled substance and

---

[1] Petitioner has notified the Court that he is no longer incarcerated and is residing in Wilkes-Barre, Pennsylvania. See doc. 27.

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

possession with intent to deliver.³ On April 11, 2005, Petitioner entered a guilty plea in the Luzerne County Court of Common Pleas to a charge of possession with intent to deliver. Ascenzi's plea was entered with the benefit of privately retained counsel and resulted from a negotiated plea agreement which resulted in the remaining charge being nolle prossed. Petitioner was sentenced to a 2 to 4 year term of imprisonment on May 23, 2005. As a further consequence of his conviction, Ascenzi was also recommitted as a convicted parole violator by decision dated July 26, 2005.⁴

According to the record, Petitioner did not file a direct appeal. However, Ascenzi did initiate an action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, et seq on July 25, 2005. After appointing counsel and conducting a hearing on October 11, 2005, the trial court denied Ascenzi's PCRA petition. On July 10, 2007, Pennsylvania's Superior Court affirmed the denial of the PCRA petition. See Commonwealth v. Ascenzi, 932 A.2d 248 (Pa. Super. July 10, 2007)(Table).⁵ A petition for allowance of appeal was subsequently denied by the Pennsylvania Supreme Court. See Commonwealth v. Ascenzi, 945 A.2d 165 (Pa. March 19, 2008)(Table).

In his pending habeas corpus action, Ascenzi claims that he did "not knowingly, voluntarily and intelligently" enter a guilty plea. Doc. 1 ¶ 12. Petitioner further contends that:

---

³ According to Respondent, fifty (50) packets of heroin were seized from Ascenzi's apartment during execution of a search warrant. See doc. 18 at 2.

⁴ Petitioner's parole proceedings were the subject of a separate habeas corpus action before Judge Vanaskie of this Court. See Ascenzi v. Pa. Bd. Of Probation and Parole, Civil No. 3:CV-08-238.

⁵ A copy of the Superior Court's decision has been submitted by Respondent. See doc. 18-29.

the Court of Common Pleas coerced him into abandoning his pre-trial motions and pleading guilty; trial counsel provided ineffective assistance by failing to object to the trial court's intervention in the plea negotiations and by neglecting to have fingerprint testing performed on the seized drugs; and post conviction counsel were deficient for failing to raise meritorious arguments.

**Discussion**

It is initially noted that Respondent concedes that Petitioner "has exhausted" his available state court remedies with respect to his pending claims and there are no apparent procedural bars to him proceeding in Federal Court. Doc. 18, p. 6.

**Standard of Review**

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[6] See generally, Knowles v. Mirzayance, ___ U. S. ____, 129 S. Ct.

---

[6] Specifically, 28 U.S.C. § 2254(d)(1) provides:

(continued...)

-3-

1411, 1414-15 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

In a recent decision, Renico v. Lett, __ U.S. __, 130 S. Ct. 1855 (2010), the United States Supreme Court quoting Williams explained that "an unreasonable application of federal law is different from an incorrect application of federal law." (Id. at *1862) Therefore, a federal court may not grant habeas relief simply because it has concluded in its independent judgment that the state court decision applied clearly established federal

---

⁶(...continued)
    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

        (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

-4-

law erroneously or incorrectly.[7] (Id.) Rather, the state court application must be objectively unreasonable. Renico added that this distinction creates a substantially higher threshold for obtaining relief under § 2254 and imposes a highly deferential standard for evaluating state court decisions. Simply put, "state court decisions must be given the benefit of the doubt." Id. quoting Woodford v. Viscotti, 537 U.S. 19, 24 (2002).

This deferential standard of review applies to state court decisions on ineffective assistance of counsel claims. Bell, 535 U.S. at 694-98. Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e) (1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of § 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or made an objectively unreasonable application of Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent).

**Guilty Plea**

Petitioner contends that the trial court coerced him into entering a guilty plea. His Petition adds that his plea should have been rejected because the trial court was aware that Ascenzi was displeased with the representation being provided by trial counsel.

---

[7] "Whether the trial judge was right or wrong is not the pertinent question under the AEDPA." (Id. at n. 3.)

Petitioner further indicates that the trial court threatened him with prosecution of additional crimes if he didn't enter a plea. Respondent counters the guilty plea was valid as it was entered knowingly and voluntarily. See doc. 18 at p. 6.

The trial court in addressing the merits of Petitioner's PCRA action, concluded that despite "some equivocation" on Petitioner's part, the guilty plea transcript "unequivocally establishes Mr. Ascenzi's acute awareness of the bargain received and his acknowledgment of guilt." Doc. 18-4, p. 3.

"A habeas petitioner faces a heavy burden in challenging the voluntary nature of his guilty plea." Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991). A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations "must advance specific and credible allegations." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).

Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea. The Court of Appeals for the Third Circuit has stated that the only consequences considered direct are the maximum prison term and fine for the offense charged. Parry v. Rosemeyer, 64 F.3d 110, 113-14 (3d Cir. 1995). There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable. Belle v. Varner, 2001 WL 1021135 *10 (E.D. Pa. 2001).

The challenged guilty plea was the result of an agreement reached by Petitioner's privately retained counsel and the Commonwealth. Thus, the first prong of Broce was

clearly satisfied. During an oral colloquy conducted when Petitioner entered his plea on April 11, 2005, the trial court took extreme caution and care to ascertain that Petitioner understood the ramifications as to his entry of a guilty plea. See Doc. 18-2, Exhibit 1. Ascenzi was clearly advised by the trial court that the written plea agreement could "fall by the wayside," and he could proceed to trial. Id. at p. 3 (N.T. 11-12). Under questioning by the trial court, Petitioner acknowledged that he was satisfied with the performance of his defense counsel and clearly admitted ownership of the seized drugs. He was also sufficiently informed and stated that he understood the terms of the plea colloquy including the maximum prison term and fines which he could be subjected to as a result of his entry of a guilty plea.

    The trial court further verified with Petitioner that he was presumed innocent; had the right to a jury trial where the burden of proof would rest with the Commonwealth; and that he had not been threatened or forced into entering a plea. With respect to Ascenzi's contention of being threatened by the trial court, the transcript establishes that the trial court simply forewarned Petitioner that if the plea agreement was withdrawn, the Commonwealth could charge him with any charges that it was agreeing to withdraw. See id. at p. 4 (N.T. 9).

    Pennsylvania's Superior Court in affirming the denial of PCRA relief similarly noted that the trial court advised Petitioner of his right to jury trial, verified that he was satisfied with the services rendered by his privately retained counsel and was voluntarily entering his plea. Moreover, the Superior Court observed that the trial court "never advised Appellant to plead guilty, nor did it ever endeavor to change Appellant's mind." Doc. 18-29 at p. 6. The Superior Court's July 11, 2007 decision concluded that the trial court's "simple, brief and

isolated reference to the fact that the Commonwealth could potentially pursue additional charges against Appellant if he decided not to plead guilty" did not cause Ascenzi to enter an involuntary plea. Id.

Based upon the same factors cited by both the PCRA court and the Superior Court, this Court likewise finds that Petitioner's plea was voluntary as contemplated under the second prong of Broce. It is apparent that Ascenzi was properly advised as to all of the relevant circumstances and direct consequences prior to entering his guilty plea as contemplated in Parry. See also Jamison v. Kwem, 544 F. 3d 266, 276-77 (3d Cir. 2008)(no basis for relief when defendant has sufficient awareness of the relevant circumstances and direct consequences of the plea). Since the state courts' determinations that Ascenzi entered a voluntary plea were not a contrary application of clearly established federal law, there is no basis for federal habeas corpus relief.

**Ineffective Assistance**

**Post Conviction Counsel**

Petitioner claims in part that he was provided ineffective assistance by the two attorneys who provided him with representation during his PCRA proceedings. See doc. 1, ¶ 12, Ground Four.

It is well settled that"[t]he Constitution does not guarantee a right to counsel at state collateral review proceedings." Werts v. Vaughn, 228 F.3d 178, 189 n.4 (3d Cir 2000), cert. denied, 121 S.Ct. 1621 (2001); Bastien v. Dragovich, 128 F. Supp.2d 204, 214 n.10 (M.D. Pa. 2000).

Moreover, 28 U.S.C. § 2254(i) precludes federal habeas corpus relief for ineffective

or incompetence of counsel during Federal or State collateral post-conviction proceedings. Thus, Petitioner is precluded from asserting a § 2254 claim that PCRA counsel provided ineffective assistance.

**Trial Counsel**

Ascenzi also claims entitlement to federal habeas corpus relief on the basis that trial counsel provided ineffective assistance by failing to object to the trial court's intervention in the plea negotiations and by neglecting to have fingerprint testing performed on the drugs seized from his apartment.[8]

The trial court in denying Petitioner's PCRA claims of ineffective assistance observed that trial counsel's PCRA testimony established that trial counsel met with Ascenzi numerous times, negotiated a plea for a two (2) year sentence when the Petitioner was facing a three (3) year mandatory minimum sentence and also secured the Commonwealth's agreement not to pursue two (2) additional felony charges against Petitioner. See doc. 18-4, p. 4-5. The trial court added that defense counsel had "thoroughly and reasonably explained" his decision not to seek fingerprint analysis as requested by Ascenzi. Id. at 5. It added that Petitioner's plea was voluntary and that thanks to the efforts of defense counsel Ascenzi "received a substantial bargain." Id. at p. 4.

The July 11, 2007 Superior Court decision affirming the denial of PCRA relief noted that the "PCRA petition does not include any allegation that the trial court improperly interjected itself into the plea bargaining process" and nonetheless concluded that Appellant

---

[8] According to Petitioner, fingerprint analysis would have established that the drugs actually belong to his girlfriend, who purportedly implicated him to law enforcement authorities.

"failed to demonstrate that he was prejudiced by counsel's failure to object to the trial court's statement" during the plea colloquy. Doc. 18-29 at p. 5.

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court established a two-pronged test for habeas petitioners seeking relief on the basis of ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. See Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). That is, he must show that counsel's "representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There exists a "strong presumption" that trial counsel's performance was reasonable and might be considered sound trial strategy. Jermyn, 266 F.3d at 282 (quoting Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996)); Strickland, 466 U.S. at 690.

Second, a petitioner must show that he was prejudiced by the deficient performance.[9] Strickland, 466 U.S. at 687. The prejudice test is whether there is a reasonable probability that, but for the deficient performance, the outcome of the proceedings would have been different. Id. at 694. See also Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different . . . ."). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the

---

[9] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was prejudiced. See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

-10-

adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).

The Court of Appeals for the Third Circuit has reiterated that in order to establish ineffective assistance under Strickland, a habeas petitioner must: "show that his attorney's representation fell below an objective standard of reasonableness" and "any ineffectiveness which appears prejudiced the defense." Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the Court of Appeals also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

Where there is a reasonable basis for a tactical decision made by defense counsel, a finding of ineffective assistance cannot be reached. See Burger v. Kemp, 483 U.S. 776 (1987). "[S]ubstantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). Furthermore, "reviewing courts must be deferential in their scrutiny and scrupulously avoid the distortions of hindsight by viewing performance from counsel's perspective at the time." Everett v. Beard, 290 F.3d 500, 509 (3d Cir. 2002). Likewise, counsel cannot be deemed ineffective for pursuing a meritless claim. See Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

When the Pennsylvania state courts reviewed the claims raised by Ascenzi, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Johnson, 771 A.2d 751, 757 (Pa. 2001). The Third Circuit Court of Appeals has held that Pennsylvania's test for

-11-

assessing ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n. 9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, under § 2254(d)(1), the relevant inquiry in addressing an ineffectiveness claim that has been adjudicated on the merits is whether the Pennsylvania state court decision involved an unreasonable application of Strickland. Jacobs, 395 F.3d at 107 n. 9; Werts, 228 F.3d at 204.

Although most ineffective assistance claims arise from counsel's performance in trial or on appeal, the principles set forth in Strickland also apply to counsel's performance in the context of a guilty plea. Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000). While the standard for deficient performance remains the same, "in a guilty plea case the standard for prejudice 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)); United States v. Nahodil, 36 F.3d 323, 326-27 (3d Cir. 1994).

Following a careful review of the record, it is apparent that: (1) Petitioner made a voluntary and knowing entry of a guilty plea (and thus, was sufficiently advised of the direct consequences of his plea); (2) the plea agreement negotiated by privately retained trial counsel permitted Petitioner to avoid additional prosecution on other charges and receive a favorable sentence; (3) Ascenzi has failed to provide sufficient evidence of actual innocence; and (4) since the drugs at issue were seized from Petitioner's apartment and he admitted to their possession, the decision not to pursue fingerprint and hair analysis was reasonable under the circumstances. Based upon an application of the well established Strickland principles, it is the determination of this Court that Petitioner has failed to satisfy

his burden of demonstrating that counsel's conduct fell below an objective standard of reasonableness.  Petitioner's claim of entitlement to federal habeas corpus relief on the basis that he was provided with ineffective assistance of counsel will likewise be denied since the state courts' determinations with respect to that issue were not a contrary application of clearly established federal law.  An appropriate Order will enter.

                                                **/s/  A. Richard Caputo**

                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**

**DATED:  September 20, 2010**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. ASCENZI, :
:
      Petitioner :
: CIVIL NO. 3:CV-08-1418
    v. :
: (Judge Caputo)
JOE NISH, :
:
      Respondent :

## ORDER

**AND NOW THIS 20th DAY OF SEPTEMBER, 2010**, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is denied.
2. The Clerk of Court is directed to close the case.
3. Based upon the Court's determination herein, there is no basis for the issuance of a certificate of appealability.

                                              **/s/ A. Richard Caputo**

                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**